James E. Magleby (7247)
 magleby@mcg.law
Yevgen Kovalov (16297)
 kovalov@mcg.law
**MAGLEBY CATAXINOS & GREENWOOD, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000

Scott A. Kitner (*pro hac vice*)
 scott@kitnerwoodward.com
Martin D. Woodward (*pro hac vice*)
 martin@kitnerwoodward.com
**KITNER WOODWARD PLLC**
13101 Preston Road, Suite 110
Dallas, Texas 75240
Telephone: 214.443.4300

Christopher A. Seeger (*pro hac vice*)
 cseeger@seegerweiss.com
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: 973.639.9100

Scott A. George (*pro hac vice*)
 sgeorge@seegerweiss.com
Frazar W. Thomas (*pro hac vice*)
 fthomas@seegerweiss.com
**SEEGER WEISS LLP**
325 Chestnut Street, Suite 917
Philadelphia, Pennsylvania 19106
Telephone: 215.564.2300

Attorneys for Plaintiffs and the Class

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DANIEL CHAPPELL, MASEN CHRISTENSEN, and JOHN OAKS, individually and on behalf of all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS and ENSIGN PEAK ADVISORS, INC.**<br><br>    **Defendants.** | **PLAINTIFFS' UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON COUNSEL**<br><br><br><br><br><br><br><br>**Case No.: 2:23-cv-794-TS-DBP**<br><br>**Honorable Ted Stewart**<br><br>**Magistrate Judge Dustin B. Pead** |

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Daniel Chappell, Masen Christensen, and John Oaks ("Plaintiffs") respectfully move for an order appointing their lawyers with SEEGER WEISS LLP ("Seeger Weiss") and KITNER WOODWARD PLLC ("Kitner Woodward") as Interim Class Counsel, and MAGLEBY CATAXINOS & GREENWOOD, PC as Interim Liaison Counsel (collectively, "Proposed Class Counsel").

## INTRODUCTION

Plaintiffs filed their original complaint (the "Complaint") on October 31, 2023, after Proposed Class Counsel dedicated many months of factual investigation, discussions with potential plaintiffs and class representatives, and extensive legal research.  [ECF No. 1].  In the Complaint, Plaintiffs allege that Defendants solicited charitable donations for specific purposes, but actually, and in breach of fiduciary and other duties, maintained the donated funds in a series of shell corporations that spent no money on charitable activities and that were not disclosed to the public.  Plaintiffs seek monetary and equitable relief, and bring claims on behalf of themselves and all others similarly situated for Defendants' Breach of Fiduciary Duty, Fraud and Fraudulent Inducement, Fraudulent Concealment, and Unjust Enrichment.

Plaintiffs move for the appointment of Proposed Class Counsel because they are uniquely qualified to lead this litigation and ensure the efficient and prompt resolution of the claims of Plaintiffs and the proposed Class.  Plaintiffs are seeking appointment at this stage because they anticipate that "copycat" actions will be filed, which can readily

interrupt and slow litigation.  Indeed, as of the date of this Motion, at least one action has already been filed.[1]  Defendants have indicated they do not oppose this motion.

Proposed Class Counsel will continue to draw on their extensive professional and financial resources to bare in litigating this unique action, and management of the litigation and all attendant matters should be vested with the three firms that are best positioned to lead it: those that originated it.

**LEGAL STANDARD**

The Federal Rules permit courts to appoint interim lead counsel before determining whether to certify an action as a class action in order to ensure the protection of the interests of the class.  *See* Fed. R. Civ. P. 23(g)(3); *White v. Med. Rev. Inst. of Am., LLC*, 2022 WL 2905665, at *2 (D. Utah July 22, 2022).

When selecting interim lead class counsel, courts must consider "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class."  *White*, 2022 WL 2905665, at *2.  None of these factors is, on its own, determinative; instead courts should consider all factors with the ultimate goal of appointing counsel that is "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable."  Manual for Complex Litig. § 10.22.

---

[1] *Long v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*, No. 3:23-cv-03950 (NJR) (S.D. Ill.).

**ARGUMENT**

Proposed Class Counsel amply satisfy the requirements of Rule 23(g), and are best suited to fairly, efficiently, and adequately represent all members of the proposed class. Proposed Class Counsel are well-resourced firms with extensive experience litigating complex class actions on behalf of plaintiffs and other private citizens in an extensive variety of contexts and circumstances, and knowledge of the relevant legal issues required to do so.  By leveraging this experience and knowledge base, Proposed Class Counsel has already worked extensively to investigate and develop the claims of Plaintiffs and the proposed Class before filing the Complaint.  For these reasons, Proposed Class Counsel is best suited to fairly and adequately protect the interests of all members of the proposed Class, and this Court should grant Plaintiffs' motion.

**A.     Proposed Class Counsel has already extensively investigated the underlying claims**

The claims in this matter are complex and nuanced, and based in complex facts regarding a baroque series of interconnected entities and holdings used to stockpile billions of dollars of donations meant to be used for charitable work.  Proposed Class Counsel has already developed a deep knowledge of these claims in preparing the Complaint, by investigating the facts of both the Defendants' solicitation of funds and their active efforts to preclude scrutiny of the eventual use and disposition of these fund, Defendants' corporate structures, and the impact Defendants' conduct has had on Plaintiffs and members of the proposed Class.  Adding to the demands of this investigation is the fact that Defendants' scheme covers decades and includes the use of shell corporations to conceal the true extent of their deception.

This work has already required significant resources upon which Proposed Class Counsel will continue to build, including over 300 hours of attorney time dedicated to the factual and legal investigation and analysis underpinning the Complaint.

**B.    Proposed Class Counsel has the relevant experience and skill to lead this action**

Proposed Class Counsel has consistently served as leaders in a number of high-profile, complex, and historically significant class actions, which has given them the requisite experience and skill to represent the proposed Class efficiently and ably.

*Seeger Weiss LLP*

Seeger Weiss is one of the nation's preeminent trial law firms, with an established track record of helping lead some of the most complex and important cases on behalf of consumers and injured parties.  Since cofounding the firm in 1999, Christopher A. Seeger has earned leadership appointments from state and federal courts throughout the U.S. in many of the most complex and impactful MDL and class litigations, securing key jury verdicts and negotiating innovative, effective settlements valued at tens of billions of dollars for individuals, municipalities, and private purchasers.

In 2012, Mr. Seeger was appointed Co-Lead Counsel and served as chief negotiator on behalf of a class of approximately 20,000 retired NFL players in ground-breaking litigation against the NFL, *In re National Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.).  Mr. Seeger surmounted substantial legal and procedural challenges (including federal preemption, causation, and sub-classing issues) to lead settlement negotiations in coordination with subclass counsel.  The results achieved there—including an uncapped settlement fund which has already

5

provided over $1 billion in Monetary Awards to retired players alongside neurological and neuropsychiatric baseline evaluations and associated care—were overwhelmingly supported by the class.

More recently, Mr. Seeger has continued his leadership role in complex multidistrict cases.  As a member of the Plaintiffs' Executive and Settlement Committees in *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (N.D. Ohio), Mr. Seeger prosecuted negligence, fraud, and related claims, and helped Plaintiffs secure a $26 billion global settlement.  Even more recently, as co-lead counsel in *In re 3M Products Llab. Litig*, MDL No. 2885 (N.D. Fl.), Mr. Seeger announced a landmark settlement worth more than $6B on behalf of servicemembers and veterans who suffered hearing injuries while using 3M earplugs.

Mr. Seeger's success at the negotiating table is built on his success in the courtroom.  Counsel know Mr. Seeger is fully willing and capable of taking large and complex cases to trial.  Notably, the firm's successes in trying bellwether cases have catalyzed global settlements.  For example, in *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047 (E.D. La.), Mr. Seeger was appointed Chair of the Plaintiffs' Trial Committee and was lead trial counsel in a series of successful bellwether trials.  The plaintiffs' verdicts from those trials laid the groundwork for a national settlement valued at approximately $1 billion.  Similarly, *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La.), in which Mr. Seeger was appointed Co-Lead Counsel, settled for $4.85 billion after five years of intense litigation, but mere months after obtaining a jury verdict of $47.5 million for one of the clients.

Mr. Seeger has earned the trust of his colleagues, opposing counsel, and the judiciary across the country, by virtue of his disciplined, earnest, and honest approach to litigation and conflict resolution.  Mr. Seeger frequently presents at conferences and panels with members of the bar and bench on ways to continue to innovate within and improve MDL and complex litigation to serve the interests of justice. He is an elected member of the American Law Institute; a member of the Board of Advisors to the NYU School of Law, Center on Civil Justice; and serves on an Advisory Council to the Duke Law Center for Judicial Studies.  A more complete description of the accomplishments of Mr. Seeger and Seeger Weiss is reflected in the firm resume attached hereto as Exhibit "A."

*Kitner Woodward PLLC*

Kitner Woodward PLLC is a full-service firm specializing in class lawsuits, and over the past 25 years, the firm and its lawyers have represented plaintiffs in multiple complex consumer class actions.

In *Haddock v. Nationwide Life Ins. Co.* (D. Conn), for example, the firm's lawyers settled claims for ERISA violations in excess of $140 million on behalf of a nationwide class of 401(k) plan participants alleging that their investment provider for accepting unauthorized payments from mutual fund providers.  In *Lopez v. American Express Bank, FSB* (C.D. Cal.), the firm's lawyers represented a class of cardholders challenging a banks' increase of interest rates on existing balances, achieving a nationwide settlement.

Kitner Woodward also has experience representing plaintiffs in similar claims to the ones at issue here.  In *Murphy v. Gospel for Asia.* (W.D. Ark.), the firm's lawyers represented a nationwide class of donors bringing RICO claims against a religious charity based on claims that contributions donated for specific purposes were diverted to non-charitable ends.  The firm's lawyers negotiated a settlement of $37 million.  A more complete description of the accomplishments of Kitner Woodward is reflected in the firm resume attached hereto as Exhibit "B."

*Magleby Cataxinos & Greenwood, PC*

Magleby Cataxinos & Greenwood, PC ("MCG") is a Salt Lake City firm with a deep knowledge of this Court's local rules and practices as well as a record of success. Over the course of the firm's existence, the firm has obtained over $340 million in verdicts, awards and settlements.  Notable matters include *Clearone Communications v. Wideband Solutions* (D. Utah), where the firm represented a plaintiff alleging misappropriation of trade secrets, obtaining a $10.5 million jury verdict which was upheld on appeal.  In the case of *USA Power v. Pacificorp*, MCG obtained a jury verdict of over $133 million, which was affirmed on appeal and was a top-twenty verdict in the nation for the year.  The firm conducted a lengthy trial through Zoom in the Summer of 2020 in Utah federal court, resulting in an award now valued in excess of $14.5 million, in *Vitamins Online v. HeartWise*, before the Hon. Dale Kimball, which has also been affirmed on appeal.  The firm also has a robust public interest practice, including representing plaintiffs in *Kitchen v. Herbert* (D. Utah), which successfully challenged Utah's laws prohibiting the recognition of same-sex marriages.  MCG's James Magleby

8

was counsel on all of the aforementioned cases, is an experienced, frequent and trusted practitioner before this court, and in state courts in Utah.   A more complete description of the accomplishments of Mr. Magleby is reflected in his professional resume attached hereto as Exhibit "C."

      **C.**     **Proposed Class Counsel are able and willing to commit the resources required to represent the class**

      Proposed Class Counsel has already demonstrated that they are willing and able to devote the resources required to represent the proposed class.  Together, the firms have a deep bench of experienced attorneys and staff members from which they can draw to litigate this case and to ensure that the interests of the proposed class are adequately represented.[2]  Proposed Class Counsel has already demonstrated this commitment by dedicating significant resources to this litigation by thoroughly investigating the underlying claims and researching applicable law.  Through their past representations, the firms have likewise demonstrated their ability to cover costs and assessments through the pendency of the litigation.

      Proposed Class Counsel is also prepared to represent the proposed class efficiently and without duplication.  If appointed, Proposed Class Counsel will establish a protocol for time and expense reporting, and will avoid duplicative and inefficient billing in order to maximize returns to the class while still zealously litigating on its behalf.

---

[2] "Where consideration of other relevant factors does not tilt heavily in either direction, and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint."  *White*, 2022 WL 2905665, at *2-3 (D. Utah July 22, 2022) (quoting *In re Frontier Airlines Litig.*, 2020 WL 9258441 (D. Colo. Dec. 16, 2020).

**D.    James Magleby, as Interim Liaison Counsel, will further ensure efficiency and compliance with local practice**

As a member of the local bar "whose office is near the court and who [is] familiar with the bench and bar" James Magleby (and the team at MCG) are well-suited to undertake the duties of liaison counsel, including facilitating communications with the court and opposing counsel, organizing meetings, and advising interim class counsel of developments and local rules and practices. *In re Frontier Airlines Litig.*, 2020 WL 9258441, at *10-11 (D. Colo. Dec. 16, 2020).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this court appoint Seeger Weiss LLP and Kitner Woodward PLLC as Interim Class Counsel, and Magleby Cataxinos & Greenwood as Interim Liaison Counsel.

DATED this 19th day of December 2023

**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/ James E. Magleby
James E. Magleby
Yevgen Kovalov

**SEEGER WEISS LLP**
Christopher A. Seeger (*pro hac vice*)
Scott A. George (*pro hac vice*)
Frazar W. Thomas (*pro hac vice*)

**KITNER WOODWARD PLLC**
Scott A. Kitner (*pro hac vice*)
Martin D. Woodward (*pro hac vice*)

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, P.C., 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFFS' UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON COUNSEL** was delivered to the following this 19th day of December 2023, by:

[  ] Hand Delivery

[  ] Depositing the same in the U.S. Mail, postage prepaid

[X] CM/ECF System

[  ] Electronic Mail

David J. Jordan
  djordan@foley.com
Wesley F. Harward
  wharward@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, Utah 84111

Attorneys for Defendants Corporation of
the President of the Church of Jesus
Christ of Latter-Day Saints, and Ensign
Peak Advisors, Inc.

/s/ H. Evan Gibson