IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL CHAPPELL, MASEN CHRISTENSEN, and JOHN OAKS, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS and ENSIGN PEAK ADVISORS, INC.,<br>                      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON COUNSEL<br><br>Case No. 2:23-cv-794-TS-DBP<br><br>Judge Ted Stewart |

       This matter comes before the Court on Plaintiffs' Unopposed Motion for Appointment of Interim Class Counsel and Interim Liaison Counsel filed on December 19, 2023.[1] Based on the discussion herein, the Court will grant the Motion.

       Plaintiffs seek the appointment of Seeger Weiss LLP and Kitner Woodward PLLC as interim class counsel and James Magleby and Magleby Cataxinos & Greenwood, PC as interim liaison counsel. Fed. R. Civ. P. 23(g)(3) permits a district court to appoint interim lead counsel prior to a determination of whether to certify the action as a class action. "[D]esignation of interim counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary

---

[1] Docket No. 30.

discovery, moving for class certification, and negotiating settlement."[2] "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."[3] Under Rule 23(g)(1)(A) courts must consider the following: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. A court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.[4]

Based on review of the Motion and the attached exhibits and affidavit, the Court finds that the proposed class counsel satisfies the four factors under Rule 23(g)(1)(A) and will fairly and adequately represent the putative class. The Court also finds the appointment of James Magleby and Magleby Cataxinos & Greenwood as interim liaison counsel is appropriate.[5] Therefore, the Court will grant the Motion and appoint Seeger Weiss LLP and Kitner Woodward PLLC as interim class counsel and Magleby Cataxinos & Greenwood PC as interim liaison counsel.

---

[2] *White v. Med. Rev. Inst. of Am., LLC*, No. 2:22-cv-00082-DAK-DAO, 2022 WL 2905665, at *2 (D. Utah July 22, 2022) (quoting *Manual for Complex Litigation* (4th) § 21.11 (2004)).

[3] *Schwartz v. State Farm Mut. Auto. Ins. Co.*, Nos. 1:18-cv-00328-KWR-SCY, 1:19-cv-00301-KWR-SCY, 2023 WL 356882, at *1 (D. N.M. Jan. 23, 2023) (internal quotation marks and citations omitted).

[4] Fed. R. Civ. P. 23(g)(1)(B).

[5] *See In re Frontier Airlines Litig.*, Nos. 20-cv-01153-PAB-KLM, 20-cv-01340-RN-NRN, No. 20-cv-01518-NRN, 20-cv-01689-STV, 20-cv-01751-MEH, 20-cv-01837-SKC, 2020 WL 9258441, at *3 (D. Colo. Dec. 16, 2020) (finding the appointment of liaison counsel appropriate where counsel were "experienced litigators whose office is located near the court and who are familiar with the local bench and bar.").

It is therefore

ORDERED that Plaintiffs' Unopposed Motion for Appointment of Interim Class Counsel and Interim Liaison Counsel (Docket No. 30) is GRANTED.

DATED  January 8, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge