# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS TITHING LITIGATION           MDL No. 3102

**TRANSFER ORDER**

District of Utah Case: 2:24-md-03102
Assigned To : Shelby, Robert J.
Assign. Date : 04/11/2024

    **Before the Panel**:[*] Plaintiff in the Southern District of Illinois *Long* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. The litigation consists of four actions pending in four districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of one related action pending in the Central District of California.[1] All parties support centralization[2] but differ as to the appropriate transferee district. Plaintiffs in the Middle District of Tennessee *Brawner* and Eastern District of Washington *Risdon* actions support centralization in the Central District of California and, alternatively, suggest centralization in the Eastern District of Washington. Plaintiffs in the District of Utah *Chappell* action and defendants the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints[3] and Ensign Peak Advisers, Inc., request centralization in the District of Utah.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the District of Utah will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common questions of fact arising from allegations that the Church falsely represented that tithes paid by its members would be used solely for charitable and

---

[*] Judges Nathaniel M. Gorton and Dale A. Kimball did not participate in the decision of this matter. In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Plaintiffs in the District of Utah *Chappell* action initially opposed centralization but withdrew their opposition at oral argument.

[3] According to defendants, the Corporation of the President of The Church of Jesus Christ of Latter-day Saints was merged into The Church of Jesus Christ of Latter-day Saints (hereinafter, the Church) on December 31, 2020, and is not a legal entity that can properly be sued.

- 2 -

humanitarian purposes while instead allowing tithes to accumulate in investment accounts, hiding the extent of its wealth from Church members, and spending tithing monies for commercial purposes. In particular, plaintiffs—who are current or former Church members—claim that Church leaders publicly stated that no tithing monies would be used to develop the City Creek Center in downtown Salt Lake City, but that such monies were in fact used for that purpose. Plaintiffs variously assert claims for fraudulent and negligent misrepresentation, fraudulent concealment, breach of fiduciary duty, unjust enrichment, civil conspiracy, and violation of state consumer protection laws. In addition to seeking damages, plaintiffs in three actions ask that a constructive trust be created to include all inequitably obtained monies and the proceeds derived therefrom. In the District of Utah *Chappell* action, plaintiffs seek appointment of a special master to monitor the collection, use, and disposition of tithing funds and the proceeds thereof.

The actions will involve common questions of fact relating to statements made by the Church regarding its investment and use of tithing funds, the manner in which tithes have been invested, and the purposes for which they have been spent. All plaintiffs seek certification of overlapping nationwide classes. Centralization will avoid duplicative discovery and will prevent inconsistent pretrial rulings, including with respect to class certification, First Amendment issues, expert admissibility issues, and dispositive motions.

We select the District of Utah as the transferee district. It is the logical center of gravity for this litigation. The Church is headquartered there, and most of the relevant documents and witnesses will be found there. Both the Church and plaintiffs in the *Chappell* action support centralization in the district. Chief Judge Robert J. Shelby, to whom we assign the litigation, is an experienced transferee judge with the ability and willingness to manage the proceedings efficiently. We are confident that he will steer this matter on a prudent course.

- 3 -

    IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Utah are transferred to the District of Utah and, with the consent of that court, assigned to the Honorable Robert J. Shelby for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly      David C. Norton
Roger T. Benitez      Madeline Cox Arleo

**IN RE: THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS TITHING LITIGATION**  MDL No. 3102

## SCHEDULE A

<u>Southern District of Illinois</u>

LONG v. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
  CHRIST OF LATTER-DAY SAINTS, ET AL., C.A. No. 3:23−03950

<u>Middle District of Tennessee</u>

BRAWNER v. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
  CHRIST OF LATTER-DAY SAINTS, ET AL., C.A. No. 3:23−01361

<u>District of Utah</u>

CHAPPELL, ET AL. v. CORPORATION OF THE PRESIDENT OF THE CHURCH
  OF JESUS CHRIST OF LATTER-DAY SAINTS., ET AL., C.A. No.
  2:23−00794

<u>Eastern District of Washington</u>

RISDON v. CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
  CHRIST OF LATTER-DAY SAINTS, ET AL., C.A. No. 2:23−00372